UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALBERTO JIMENEZ, VOLUNTARY
ADMINISTRATOR FOR THE ESTATE OF
MANUEL M. JIMENEZ-RODOLI,

            Plaintiff,

            -against-

DISTRICT 15 MACHINIST'S UNION,

            Defendant.
------------------------------------------------------------X

REPORT and RECOMMENDATION

10 Civ. 8378 (PAE)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. ENGELMAYER, UNITED STATES DISTRICT JUDGE

## BACKGROUND

On December 29, 2010, Manual M. Jimenez-Rodoli ("Jimenez-Rodoli"), proceeding pro se, brought this action against District 15 Machinist's Union ("the Union"), alleging that it denied him pension benefits, in violation of the Employee Retirement Income Security Act 1974 ("ERISA"). See 29 U.S.C. § 1001 et seq. On May 23, 2011, Jimenez-Rodoli's son, Alberto Jimenez ("Jimenez"), sent a letter to the Court requesting that he be substituted in this action for Jimenez-Rodoli, who died on January 10, 2011. Jimenez's letter informed the Court that, following Jimenez-Rodoli's death, he was appointed the Administrator for his father's estate. Enclosed with the May 23, 2011 letter was a copy of Jimenez-Rodoli's death certificate and a copy of the Certificate of Voluntary Administration issued to Jimenez by the Surrogate's Court of New York. On June 29, 2011, Jimenez made a motion, pursuant to Rule 25(a)(3) of the Federal Rules of Civil Procedure to be substituted for the deceased plaintiff and to continue to prosecute this action. The Court granted the motion on September 27, 2011.

    Service of the summons and complaint was effected on the Union in January 2012. Thereafter, the Union made two (2) requests to your Honor that the time for it to answer the complaint be enlarged. The first request was dated February 13, 2012; it was granted, and the time for the answer to be made was extended to February 28, 2012. The second request was dated February 27, 2012; it, too, was granted, and your Honor extended, to March 21, 2012, the time for the Union to answer the complaint. After the Union answered the complaint and a scheduling order governing the parties' pretrial activities was put in place, the Union filed a motion, dated December 26, 2012, pursuant to Rule 19 of the Federal Rules of Civil Procedure, to join IAM National Pension Fund as a party to this action; that motion is pending.

Mindful of Jimenez's relationship to the decedent and that the administrator of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the administrator, see Guest v. Hansen, 603 F.3d 15, 17 (2d Cir. 2010); Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997), the Court determined to ascertain whether there were any creditors or beneficiaries of the estate, other than Jimenez. Therefore, on January 10, 2013, the Court issued an order directing Jimenez to provide it, by January 25, 2013, evidence indicating whether any creditors or beneficiaries of the estate, other than Jimenez, exist. Jimenez failed to respond timely to the order, prompting the Court to issue another order, on February 7, 2013, directing Jimenez to respond to the January 10, 2013 order by February 15, 2013. The February 7, 2013 order advised Jimenez that failing to comply with a court order might expose him to sanctions, including the dismissal of the complaint.

In a sworn statement dated February 25, 2013, which was received by the Pro Se Office for this judicial district on February 27, 2013, Jimenez indicated that he is not the sole beneficiary of the Jimenez-Rodoli estate. Accordingly, on March 21, 2013, the Court ordered Jimenez to retain counsel by April 23, 2013, and advised Jimenez that failing to obtain counsel timely might result in the dismissal of the action.

In a letter dated April 18, 2013, Jimenez requested a four-week extension of time to retain counsel. The application was not opposed by the defendant, and was granted by the Court, through an order dated May 2, 2013. That order directed Jimenez to obtain counsel by May 21, 2013. One day prior to the deadline for him to obtain counsel, May 20, 2013, Jimenez made a motion for a six-week enlargement of time, from May 21, 2013, to July 2, 2013, to obtain counsel. The Court granted the motion on May 30, 2013. At that time, Jimenez was reminded by the Court that failing to obey the Court's directive, to obtain counsel timely, might result in the dismissal of the action. On June 27, 2013, Jimenez sought an order from the Court: (1) directing IAM Pension Fund to provide certain documents to him; and (2) extending the time for him to obtain counsel. Jimenez indicated, through the motion, that he is "unable to obtain counsel at this time." He did not state when, if ever, he might be able to obtain counsel to assist him in prosecuting this action. Jiminez's June 27, 2013 request was denied by the Court on July 10, 2013.

## DISCUSSION

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with 'any order of the court.'" Lucas v. Miles, 84 F.3d 532, 534-35 (2d Cir. 1996). "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1388 (1962)). When determining

whether to dismiss an action, pursuant to Rule 41(b), owing to a plaintiff's failure to comply with a court order, a court must consider the following factors: (1) the duration of the plaintiff's failures; (2) whether notice was given to the plaintiff that additional delays would result in dismissal of the action; (3) prejudice to the defendant likely to be occasioned by further delay; (4) the interplay between the court's desire to alleviate calendar congestion and the need to protect the party's right to due process and a fair chance to be heard; and (5) the efficacy of a sanction less harsh than dismissal.  See Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988).

Duration of Failures

Jimenez was directed to obtain counsel by an order dated March 21, 2013.  On three occasions after that order was issued, he requested that the time for him to obtain counsel be enlarged.  The Court acceded to those requests on two occasions.  However, his third request, made in July 2013, was denied.  During the period between March and July 2013, Jimenez failed repeatedly to comply with court orders directing him to obtain counsel, and in July 2013, Jimenez advised the Court that he is "unable to obtain counsel at this time."  It is notable that Jimenez failed to indicate when, if ever, he might be able to obtain counsel to represent him in this action.

Dilatory tactics, including, "repeated requests for continuances . . . may warrant dismissal [for failure to prosecute] after merely a matter of months." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982).  Jimenez's failures to comply with court orders occurred during a period in excess of three and one-half months.  As the Second Circuit Court of Appeals has explained, a delay of 38 days can be significant.  See Lucas, 84 F.3d at 537.  Thus, the delay here – over three and one-half months – is not of insignificant duration.  See Lopez v. Catholic Charities of Archdiocese of New York, No.  00 Civ. 1247, 2001 WL 50896, at *3-4 (S.D.N.Y. Jan. 22, 2001) (finding dismissal warranted, where plaintiff failed to prosecute the action for three months). Therefore, the first factor the Court must consider, duration of the plaintiff's failures, militates in favor of dismissing this action for failure to prosecute.

Notice of Possible Dismissal

On four occasions, between February and May 2013, the Court advised Jimenez that his complaint may be dismissed, for failing to comply with the Court's orders that he obtain counsel to represent him in this action. Therefore, Jimenez had ample notice that his failures to comply with the Court's orders could result in dismissal of this action.  Accordingly, the second factor also weighs in favor of terminating this action.

Prejudice to the Defendant

Prejudice to the defendant "resulting from unreasonable delay may be presumed." Lyell, 682 F.2d at 43. However, in this case, the Court does not have to rely solely on the presumption of prejudice, because the defendant has suffered actual prejudice.  The Union's Rule 19 motion to join an additional party has been pending

since January 2013. The motion cannot be addressed by the Court because Jimenez: (1) cannot proceed pro se; (2) has not secured counsel to represent him; and (3) has advised the Court that he is unable to do so. A just, speedy and inexpensive adjudication is contemplated in every action brought in the United States district courts. See Rule 1 of the Federal Rules of Civil Procedure. The Union has been prejudiced because a speedy resolution of its Fed. R. Civ. P. 19 motion has not occurred, and the action, which was commenced in 2010, cannot move forward because Jimenez, in contravention of multiple court orders, has not obtained counsel to represent him. Therefore, the third factor also militates in favor of dismissal.

Alleviating Calendar Congestion
and Plaintiff's Chance to be Heard

As noted above, this action commenced in 2010. Since that time, no substantive progress has been made in the action and, since March 2013, the action has been in limbo, due to Jimenez's failure to comply with the Court's orders directing him to obtain counsel. Inasmuch as: (a) Jimenez has been given a reasonable opportunity to obtain counsel, and recently indicated to the Court that he is unable to do so; and (b) this action cannot remain in limbo indefinitely, when striking the balance between alleviating congestion on the court's calendar and protecting the plaintiff's rights to due process and a fair chance to be heard, in this case, the scale tips in favor of alleviating court calendar congestion. Consequently, the fourth factor also supports dismissing the action.

Efficacy of a Less Harsh Sanction

When deciding whether to impose the harsh sanction of dismissal, in a circumstance where a plaintiff has failed to obey a court order(s), the record as a whole should be considered. See Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998). The Court has done that, and concludes that no sanction less than dismissal would be efficacious. This is so because Jimenez, as the estate's voluntary administrator and one of its beneficiaries, cannot prosecute the action pro se and he has advised the Court that he is unable to obtain counsel to represent him. Due to the age of the action and the plaintiff's inability to move the action forward without having counsel represent him – which he is unable to accomplish – the fifth factor, the efficacy of a less harsh sanction, militates in favor of dismissal. Having considered all the factors noted above, and the record as a whole, the Court concludes that dismissal of the action is warranted.

**RECOMMENDATION**

For the reasons set forth above, I recommend that the instant action be dismissed, pursuant to Fed. R. Civ. P. 41(b).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Engelmayer, 40 Centre Street, Room 2201, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Engelmayer. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York  
       July 31, 2013

Copy mailed to:

Alberto Jimenez

Respectfully submitted,

/Kevin Nathaniel Fox/  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE