UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                            :

ALBERTO JIMENEZ, VOLUNTARY                                :
ADMINISTRATOR FOR THE ESTATE OF MANUEL   :         10 Civ. 8378 (PAE)
M. JIMENEZ-RODOLI,                                            :
                                                                           :                  ORDER
                                        Plaintiff,                        :

                               -v-                                          :

DISTRICT 15 MACHINISTS' UNION,                       :

                                        Defendant.                   :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

        This action arises from the claim by original plaintiff Manuel M. Jimenez-Rodoli ("Manuel") that the District 15 Machinists' Union ("defendant") failed to pay him the pension benefits to which he was entitled. On December 29, 2010, Manuel filed an Amended Complaint, which the Court construed as a cause of action under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Dkt. 4.

        On July 31, 2013, the Honorable Kevin N. Fox, United States Magistrate Judge, issued a Report & Recommendation (Dkt. 43) (the "Report"), recommending that the Court dismiss the action pursuant to Fed. R. Civ. P. 41(b).

        For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety, save that the Court dismisses the action without prejudice, not with prejudice, as the Report & Recommendation recommended.

I.     **Procedural History**

On May 23, 2011, the Court received a letter from the current plaintiff and Manuel's son, Alberto Jimenez ("Alberto"). In that letter, Alberto stated that Manuel had died in January 2011 and that Alberto had been named the Administrator of his father's estate. As such, Alberto requested that the Court allow him to substitute as plaintiff in the case and to continue to prosecute the action. On June 29, 2011, Jimenez filed a motion, pursuant to Fed. R. Civ. P. 25(a)(3), to be substituted as plaintiff. Dkt. 14. Defendant did not oppose that motion. By order dated September 27, 2011, Judge Fox granted the motion. Dkt. 15.[1]

On December 26, 2012, defendant filed a motion to compel joinder of the IAM National Pension Fund, pursuant to Fed. R. Civ. P. 19. Dkt. 28. On January 10, 2013, Judge Fox issued an order directing Alberto to submit evidence to the Court indicating whether any other creditors or beneficiaries of Manuel's estate existed, in order to determine whether Alberto could proceed *pro se* or would need to obtain counsel to represent him in prosecuting the action.[2] Dkt. 30.

On February 27, 2013, Alberto submitted documentation indicating that the estate had an additional beneficiary, Daris F. Garcia. Dkt. 32. Accordingly, on March 21, 2013, Judge Fox issued an order advising Alberto that, because he was not the sole beneficiary of the estate, he was prohibited from prosecuting the action *pro se*. Dkt. 33. The order stated that Alberto should obtain counsel to represent him by April 23, 2013; it stated that failure to do so could result in dismissal of the action. *Id.*

---

[1] On October 14, 2011, the case was reassigned to my docket.

[2] "An administrat[or] or execut[or] of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *cf. Guest v. Hansen*, 603 F.2d 15, 21 (2d Cir. 2010) ("[T]he administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate.").

On April 22, 2013, Alberto submitted a letter to the Court, asking for an extension of time to obtain counsel. Dkt. 35. On May 2, 2013, Judge Fox granted an extension until May 21, 2013, again stating that failure to obtain counsel could result in dismissal of the action. Dkt. 36. On May 20, 2013, Alberto requested an additional six weeks of time to obtain counsel "by reason of missing documents needed to support [his] case." Dkt. 37. On May 30, 2013, Judge Fox granted that extension, enlarging his time to obtain counsel to July 2, 2013 and once more instructing him that failure to obtain counsel could result in dismissal of the action. Dkt. 38.

On July 1, 2013, Alberto requested an extension of an additional four weeks. Dkt. 39. On July 3, 2013, defendant submitted a letter opposing that request. Dkt. 40. By order dated July 10, 2013, Judge Fox denied that motion, on the grounds that the Court had provided Alberto with a reasonable amount of time to obtain counsel and had granted two requests for enlargement of time in order for him to do so.[3] Dkt. 41.

On July 31, 2013, Judge Fox issued his Report. Dkt. 43. The Report stated that the parties had fourteen days within which to file objections. On August 15, 2013, the Court received Alberto's objections to the Report. Dkt. 44 ("Objections").

On August 19, 2013, Alberto filed an application requesting that the Court appoint *pro bono* counsel. Dkt. 45.

**II.  Discussion**

   **A. Applicable Legal Standard**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no timely

---

[3] On July 23, 2013, Alberto moved to have Daris F. Garcia "removed the beneficiary list." Dkt. 42. As plaintiff cannot proceed *pro se*, however, and no counsel has appeared on his behalf, such a motion is not proper.

3

objection has been made to the recommendations of a magistrate judge, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted).  When a timely objection has been made, the court is obligated to review the contested issues *de novo*.  *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).  "However, it is well-settled that when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error."  *Cuevas v. United States*, No. 10 Civ. 5959 (PAE)(GWG), 2013 WL 655082, at *2 (S.D.N.Y. Feb. 22, 2013) (citation omitted).

### B. Objections

The Report addresses each of the factors that the Second Circuit has instructed courts to consider when determining whether to dismiss a case *sua sponte* pursuant to Rule 41(b) for failure to comply with an order of the Court.  *See Alvarez v. Simmons Mkt. Research Bureau*, 839 F.2d 930, 932 (2d Cir. 1988).  Alberto does not object to any of Judge Fox's factual findings, including, importantly, as to the procedural history of the case.  The Court therefore reviews the Report for clear error.

The Objections instead provide a more detailed explanation of the obstacles and delays that have frustrated Alberto's attempts to obtain counsel.  Those delays included "wait[ing] for a report about two and a half weeks from the three different various credit bureaus" to determine whether there were other beneficiaries besides Alberto to Manuel's estate after Judge Fox's January 10 order, Objections 1, and difficulty obtaining requested documents from the IAM Pension Fund in order for a prospective attorney to review those documents, *id.*

### C. Analysis

Although the Court is sympathetic to Alberto's predicament, the Court agrees with Judge Fox's assessment that all five *Alvarez* factors favor dismissal. The case has been at an impasse since March 21, 2013, and has not made any meaningful progress since its filing in late 2010. Judge Fox granted Alberto's two prior requests for an enlargement of time—of four weeks and six weeks, respectively—on top of the original four weeks provided, to obtain counsel. Alberto's failures are therefore of a significant duration. Alberto has been given notice on multiple occasions that a failure to comply with the Court's order to obtain counsel could result in dismissal of the action, because a plaintiff may not proceed *pro se* on behalf of an estate where he is not the estate's sole beneficiary. There is undeniably some prejudice to defendant in this situation: Although defendant has not identified any specific evidence that is no longer available as a result of the passage of time, or some prejudice to that effect, defendant's right to a speedy and efficient resolution of the case in general, and of its motion to compel joinder in particular, has been and continues to be frustrated.

The Court notes the Second Circuit's instruction that "Rule 41(b) dismissals are a harsh remedy that are appropriate only in extreme circumstances" and that "[d]istrict courts should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998). In this case, however—where the case is stalled indeterminately pending Alberto's retention of counsel, and it is not clear whether and when he will be able to do so in the future—no alternative action is available. And dismissing the action without prejudice, in the Court's view, mitigates somewhat the harshness of a dismissal.

As noted, Alberto has filed a request for the Court to appoint *pro bono* counsel. Dkt. 45. To qualify for the appointment of *pro bono* counsel, a plaintiff must first demonstrate that his

5

claim has substance or a likelihood of success.  *See Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010); *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986).  If an applicant meets this threshold standard, the Court must then consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam).  The Court is to remain mindful throughout the inquiry that volunteer attorney time is a "precious commodity," and should therefore not grant the appointment of counsel indiscriminately.  *Id.* at 172.

Here, the Court cannot find that Alberto's claims have substance or a likelihood of success.  That is because the case has progressed little, and the only specifics available are found in the Amended Complaint drafted by Manuel in 2010.  That complaint, in turn, consists of only sparse allegations; it is devoid of any factual elaboration, stating only that "[a]lthough there was a collective bargaining agreement with the Union, [Manuel] never received benefits from the Union as the law requires," Am. Compl. 3, for the years during which he was unable to work due to his having suffered a stroke.  The Court therefore remains unable to determine whether the claims have substance or a likelihood of success, and thus appointment of *pro bono* counsel is not warranted, despite the fact that Alberto cannot proceed *pro se*.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Fox's Report in its entirety, save that, in its discretion, the Court elects to dismiss the action without prejudice to Alberto's re-filing, should he obtain counsel to represent him.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("[T]he sanction of dismissal . . . may be without prejudice if so specified by the court imposing it."); *see also Liang v. Lucky Plaza Restaurant*, No. 12 Civ. 5077

(PAC)(GWG), 2013 WL 3757036 (S.D.N.Y. July 17, 2013) (dismissing action without prejudice pursuant to Rule 41(b)). The Clerk of Court is directed to terminate the motions pending at docket numbers 28, 42, and 45, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 11, 2013
New York, New York